UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13th and Market Properties, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>Tony Magee; DOES 1–25,<br><br>         Defendants. | Case No.: 19-cv-0694-AJB-MDD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING THE CASE BACK TO SAN DIEGO SUPERIOR COURT (Doc. No. 3)** |

  Defendant Tony Magee removed his unlawful detainer case to federal court. (Doc. No. 1.) Plaintiff filed a motion to remand the unlawful detainer action. The Court **GRANTS** that motion and **REMANDS** this action back to the San Diego Superior Court.

### I.  DISCUSSION

  Congress has authorized a defendant to remove a civil action from state court to federal court. 28 U.S.C. §1441. However, the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. §1447(c). Moreover, there is a strong presumption against removal jurisdiction. Thus, doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.

1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A defense based on federal law is not sufficient to remove an action to federal court. *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law . . . nor one based on federal preemption . . . renders an action brought in state court removable.").

Plaintiff filed a motion to remand the action back to state court. Although the Court has not received an opposition yet, "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

Here, Defendant's Notice of Removal asserts this Court has jurisdiction under 28 U.S.C. §§ 1331. (Doc. No. 1 at 2.) The federal statutes cited reference federal question jurisdiction, diversity jurisdiction, and an admiralty statute, respectively. First, there is no federal question because the unlawful detainer complaint invokes California law. (*See* Doc. No. 1 at 2–3.) Generally, "[f]ederal jurisdiction typically exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). The complaint filed in state court solely concerns unlawful detainer under California law and, thus, presents no federal question. *See Aurora Loan Servs., LLC v. Montoya*, No. 2:11-cv-2485-MCE-KJN-PS, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011) ("[P]laintiff filed its Complaint in Superior Court asserting a single claim for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint."); *see also Sage Home Mortg., LLC v. Roohan*, No.:

17-cv-1409-AJB-JMA, 2017 U.S. Dist. LEXIS 118119, at * (S.D. Cal. July 27, 2017) (same). Accordingly, federal question jurisdiction does not exist.

## II. CONCLUSION

Because Defendant cannot establish federal jurisdiction, removal was improper. The Court **GRANTS** Plaintiff's motion to remand, (Doc. No. 3), and **REMANDS** the case back to the San Diego Superior Court. The Court Clerk is ordered to then close the case.

**IT IS SO ORDERED.**

Dated: May 7, 2019

Hon. Anthony J. Battaglia
United States District Judge